UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ANDRE DIGGS,

                         Plaintiff,

             - against -

MAYOR DEBLASIO, CYNTHIA BRANN,
WARDEN MATTHEWS, CITY OF NEW
YORK, and CORRECTIONAL OFFICER
CHERRY #15861,

                         Defendants.
---------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-3371 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On June 3, 2019, Plaintiff Andre Diggs, currently a pretrial detainee at the Brooklyn Detention Complex, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted, but he is granted leave to amend his complaint within 30 days.

## BACKGROUND

Plaintiff alleges that on April 28, 2019 and May 4, 2019, following a visit from his family, he was strip-searched by Defendant Correctional Officer Cherry.[1] (Complaint, Dkt. 1, ¶¶ 13, 15, 17.) Plaintiff also states that "he was being viewed by a camera that is located in the upper left[-]hand corner of the strip search room" while he was being searched. (*Id.* ¶ 13.) Plaintiff seeks injunctive relief and monetary damages. (*Id* ¶¶ 19–21.)

---

[1] The facts set forth in this section are based on the allegations in the complaint, which the Court accepts, as it must, as true for the purposes of this Order. *See Lawrence v. Suffolk Cty. Police Dep't*, No. 13-CV-2357 (JS) (WDW), 2013 WL 3364344, at *1 (E.D.N.Y. June 28, 2013) (noting that "in reviewing a *pro se* case for *sua sponte* dismissal, a court should assume that all allegations contained in the complaint are true") (citing *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 517 F. App'x 11, 12 (2d Cir. 2013) (summary order)).

1

# LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissals of frivolous prisoner complaints are not only permitted but mandatory).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d

581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007) (quotations, brackets, and citation omitted).

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted); *see also Flynn v. James*, 513 F. App'x 37, 39 (2d Cir. 2013) (summary order). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell*, 13 F.3d at 547. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

### I.  Claim Against the City of New York

"[A] municipality [such as the City of New York] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citations omitted); *see also Monell v. Dep't of Social Services of N.Y.C*, 436 U.S. 658, 690–91 (1978). A claim of municipal liability requires that the plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order); *see also Biswas v. City of New York*, 973 F. Supp. 2d 504, 536 (S.D.N.Y. 2013) ("[F]or §

3

1983 claims, municipalities are not subject to liability under a theory of *respondeat superior*, but rather on the basis that their policies or customs inflicted the alleged injuries under the *Monell* doctrine."). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

Plaintiff fails to allege any facts to demonstrate that the City maintains a policy or practice which led to the alleged deprivation of his rights. *See Treadwell v. Cty. of Putnam*, No. 14-CV-10137 (KMK), 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (holding that a plaintiff failed to sufficiently state a *Monell* claim where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused [the] [p]laintiff's alleged constitutional injuries" but instead merely "detail[ed] an isolated series of incidents"). Therefore, Plaintiff's claim against the City of New York is dismissed. *See* 28 U.S.C. § 1915A.

## II. Claims Against Defendants Mayor Bill de Blasio, Commissioner Cynthia Brann, and Warden Matthews

"[I]n order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation." *Lawrence*, 2013 WL 3364344, at *3 (citing *Farid v. Elle*, 593 F.3d 233, 249 (2d Cir. 2010)). Plaintiff names Mayor Bill de Blasio, Commissioner of the Department of Corrections Cynthia Brann, and Warden Matthews as defendants in this action. However, Plaintiff fails to plead any facts to show that these Defendants had any personal involvement in the alleged constitutional violations. *See Raspardo v. Carlone*, 770 F.3d 97, 115–16 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant."); *Gray-Davis v. Rigby*, No. 14-CV-1490, 2016 WL

1298131, at *5 (N.D.N.Y. Mar. 31, 2016) ("A defendant is 'personally involved' if he 'directly participated in the [allegedly unconstitutional] infraction.'") (quoting *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986)). Furthermore, a plaintiff cannot recover against a defendant under § 1983 solely on a theory of vicarious liability or *respondeat superior*. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").

Accordingly, Plaintiff's claims against Defendants Mayor Bill de Blasio, Commissioner Cynthia Brann, and Warden Matthews are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

### III. Claim Against Correctional Officer Cherry

Plaintiff alleges that Correctional Officer Cherry conducted two strip searches of Plaintiff while being viewed on a camera. "Strip searches do not violate the Fourth Amendment if they are performed pursuant to policies that are 'reasonably related to legitimate penological interests.'" *Lopez v. Phipps*, No. 18-CV-3605 (MKB), 2019 WL 2504097, at *4 (E.D.N.Y. June 17, 2019) (quoting *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 326 (2012)). A strip search is unconstitutional under the Fourth Amendment "if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish." *Holland v. City of New York*, 197 F. Supp. 3d 529, 542–43 (S.D.N.Y. 2016) (internal quotations and citation omitted).

Plaintiff has not pleaded facts sufficient to show that the strip searches at issue were not legitimately related to penological interests[2] or designed to harass or punish him. He simply asserts that the searches were conducted in view of cameras. "[N]either the presence of cameras nor the presence of other inmates and employees of a correctional facility makes an otherwise constitutional strip search unconstitutional." *Smith v. City of New York*, No. 14-CV-5934 (JCF), 2015 WL 3929621, at *2 (S.D.N.Y. June 17, 2015); *see also Peek v. City of New York*, 13-CV-4488 (AJN), 2014 WL 4160229, at *2 (S.D.N.Y. Aug. 18, 2014) (upholding the constitutionality of the use of a camera during a strip search procedure). Accordingly, Plaintiff's claim against Correctional Officer Cherry is dismissed. *See* 28 U.S.C. § 1915A.

## CONCLUSION

For the reasons stated, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Because the Second Circuit has made clear that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court grants Plaintiff thirty (30) days to file an amended complaint. If Plaintiff has a genuine basis to believe that Defendant Cherry violated Plaintiff's constitutional rights when strip-searching him,

---

[2] Plaintiff notes that these searches were conducted "after having visits with my family." (Complaint, Dkt. 1, ¶ 13.) The Supreme Court, in *Bell v. Wolfish,* 441 U.S. 520, 558 (1979) "upheld a rule requiring pretrial detainees in federal correctional facilities to expose their body cavities for visual inspection as a part of a strip search conducted after every contact visit with a person from outside the institutions, deferring to the judgment of correctional officials that the inspections served not only to discover but also to deter the smuggling of weapons, drugs, and other prohibited items." *Florence*, 566 U.S. at 132 (internal quotations and brackets omitted).

*see Holland*, 197 F. Supp. 3d at 542–43, then he should include facts in his amended complaint that would support this belief. Plaintiff is advised that the amended complaint will completely replace the complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. All further proceedings shall be stayed for 30 days or until further Order of the Court. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 18, 2019
      Brooklyn, New York